*Filed in Open Court 2/1/17*



U.S. Department of Justice

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 30, 2017

Michael J. Connolly, Esq.
Adi K. Goldstein, Esq.
Hinkley, Allen & Snyder LLP
28 State Street
Boston, Massachusetts 02109

    Re:    *United States v. AQE, Inc.*
             Criminal No. 16-10014-PBS-04

Dear Counsel:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, AQE, Inc. ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to all counts in which it is named in the above-referenced Indictment: (1) Counts One through Eighteen (mail fraud in violation of 18 U.S.C. §1341); (2) Count Nineteen (conversion in violation of 18 U.S.C. §664); and Counts Twenty through Thirty-Seven (false ERISA statements in violation of 18 U.S.C. §1027). Defendant expressly and unequivocally admits that it committed the crimes charged in Counts One through Thirty-Seven of the Indictment, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

    The U.S. Attorney agrees to dismiss the Indictment against defendants Air Quality Experts, Inc., Christopher Thompson, and Kimberly Thompson following the issuance of the judgment of conviction in this case.

    2.    <u>Penalties</u>

    Defendant faces the following minimum and maximum penalties: (1) for each count charging a violation of 18 U.S.C. §1341, no less than 1 year, and no more than 5 years', probation; a fine of $500,000, or twice the gross gain/loss, whichever is greater; a mandatory special

assessment of $400; restitution; and forfeiture to the extent charged in the Indictment; (2) for each count charging a violation of 18 U.S.C. §664, no less than 1 year, and no more than 5 years', probation; a fine of $500,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $400; restitution; and forfeiture to the extent charged in the Indictment; and (3) for each count charging a violation of 18 U.S.C. §1027, no less than 1 year, and no more than 5 years', probation; a fine of $500,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $400; restitution; and forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG and USSG fine range are calculated as follows:

- in accordance with USSG §8C2.3, Defendant's base offense level is at least 21, because the offense level under USSG §2B1.1 includes a Base Offense Level of 7 (USSG §2B1.1(a)(1)), an enhancement for loss of at least 12 levels (USSG §2B1.1(b)(1)(G)), and an enhancement for the use of sophisticated means of 2 levels (USSG §2B1.1(b)(10)(C));

- in accordance with USSG §8C2.4, Defendant's Base Fine is at least $910,000;

- in accordance with USSG §8C2.5, Defendant's Culpability Score is 7;

- in accordance with USSG §8C2.6, Defendant's minimum multiplier is 1.4 and Defendant's maximum multiplier is 2.8; and

- in accordance with USSG §8C2.7, Defendant's Fine Range is at least $1,274,000 to at least $2,548,000.

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Defendant understands and acknowledges that the U.S. Attorney may take a different position on the applicable Guidelines provisions and Guidelines calculation, as well as seek an upward adjustment pursuant to USSG § 3C1.1, if Defendant obstructs justice after the date of this Plea Agreement.

2

The U.S. Attorney may, at its sole option, be released from its commitments under this Plea Agreement if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(e) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(f) Commits a crime; or

(g) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The parties agree that the appropriate disposition of the case is as follows:

- 3 years' probation;

- a fine to be imposed by the Court if it deems a fine appropriate, unless the Court determines that Defendant does not have the ability to pay a fine;

- restitution in the amount of $500,000 to be paid to the Massachusetts Laborers' Benefit Fund;

- no forfeiture in lieu of Defendant's restitution payment; and

- special assessment payments totaling $14,800.

The parties further agree that the $500,000 restitution amount is to be paid as soon as possible and is to be guaranteed, and if necessary paid, by Air Quality Experts, Inc., Christopher Thompson, and Kimberly Thompson.

3

The parties further agree that the Court may deviate from the USSG fine range in light of Defendant's agreement to pay restitution, and the guarantee of this restitution payment by Air Quality Experts, Christopher Thompson, and Kimberly Thompson.

The parties further agree that the U.S. Attorney will defer to the Court regarding whether to impose a fine at sentencing, and Defendant can argue for whatever fine it deems appropriate in this case.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.   **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

(a)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000; and

(b)   Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment is/are satisfied in full.

Defendant and the guarantors listed above (Air Quality Experts, Inc., Christopher Thompson, and Kimberly Thompson) further agree to complete truthfully and accurately the enclosed sworn financial statement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6.   **Waiver of Rights to Appeal and to Bring Future Challenge**

(a)   Defendant has conferred with its attorney and understands that it has the right to challenge both its conviction and its sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or

4

Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

(b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

(c) In exchange for the U.S. Attorney's agreement to dismiss the Indictment as to defendants Air Quality Experts, Inc., Christopher Thompson, and Kimberly Thompson, Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution).

(d) This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges that the U.S. Attorney has retained all appeal rights.

(e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. Other Post-Sentence Events

(a) If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

(b) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8. Waiver of Hyde Amendment Claim

Defendant and the guarantors are aware that 18 U.S.C. § 3006A, the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Plea Agreement, Defendant and guarantors Air Quality Experts, Inc., Christopher

Thompson, and Kimberly Thompson voluntarily and knowingly waive any claim Defendant and/or guarantors Air Quality Experts, Inc., Christopher Thompson, and/or Kimberly Thompson might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss the Indictment as to Air Quality Experts, Inc., Christopher Thompson, and Kimberly Thompson.

9.  **Court Not Bound by Plea Agreement**

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

10. **Information For Presentence Report**

Defendant and the guarantors agree to provide all information requested by the U.S. Probation Office concerning Defendant's and guarantors' assets.

11. **Civil Liability**

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

12. **Rejection of Plea by Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

13. **Waiver of Defenses**

Should Defendant move to withdraw or otherwise challenge its guilty plea at any time, should Defendant breach this Plea Agreement, or should the Court reject the parties agreed upon disposition in this case or any other aspect of this Plea Agreement, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

14. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any material provision of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that its breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Corporate Authorization</u>

Defendant's acknowledgement of this Plea Agreement and execution of this Plea Agreement is attached.

17. <u>Complete Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Fred M. Wyshak, Jr. and Ryan M. DiSantis.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By: *[signature]*
FRED M. WYSHAK, JR.
Chief, Public Corruption & Special Prosecutions Unit

*[signature]*
RYAN M. DISANTIS
Assistant U.S. Attorney

8

### CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of AQE, Inc. The Board has read this letter of Agreement in its entirety and has discussed it fully with AQE, Inc.'s attorney. The Board acknowledges that this letter fully sets forth AQE, Inc.'s agreement with the U.S. Attorney. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter.

CHRISTOPHER THOMPSON
Corporate Officer
Authorized to enter into Agreement
By Board of Directors

I certify that Defendant's Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Indictment in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Christopher Thompson to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

MICHAEL J. CONNOLLY, ESQ.
ADI K. GOLSTEIN, ESQ.
Attorney for Defendant AQE, Inc.

Date: 1/31/17

9

## CORPORATE ACKNOWLEDGMENT OF GUARANTOR
## UNDER PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of guarantor Air Quality Experts, Inc. The Board has read this letter of Agreement in its entirety and has discussed it fully with Air Quality Experts, Inc.'s attorney. The Board acknowledges that this letter fully sets forth Air Quality Experts, Inc.'s agreement with the U.S. Attorney to act as a guarantor under this Agreement. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter.

CHRISTOPHER THOMPSON
Corporate Officer
Authorized to enter into Agreement
By Board of Directors

I certify that Air Quality Experts, Inc.'s Board of Directors has authority to enter into this Plea Agreement as a guarantor and has (1) reviewed the Indictment in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement as a guarantor; and (4) voted to authorize Christopher Thompson to execute the Plea Agreement as a guarantor and all other documents necessary to carry out the provisions of the Plea Agreement.

HOWARD M. COOPER, ESQ.
BENJAMIN WISH, ESQ.
Attorney for Defendant Air Quality Experts, Inc.

Date: 1/30/2017

10

ACKNOWLEDGMENT OF GUARANTOR UNDER PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth the plea agreement between AQE, Inc. and the United States Attorney's Office for the District of Massachusetts; and (b) it accurately sets forth the obligations I have agreed to assume as a guarantor under this Plea Agreement. I understand the crimes to which AQE, Inc. has agreed to plead guilty, the minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the terms of this Plea Agreement as it applies to me as a guarantor and the charges against AQE, Inc., as well as the charges against me, possible defenses I might have, and whether I should go to trial. I am signing this Plea Agreement as a guarantor freely, voluntarily, and knowingly because I believe it is in my best interest.

_____
CHRISTOPHER THOMPSON
Defendant

Date: 1/30/17

    I certify that Christopher Thompson has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is agreeing to act as a guarantor under the Plea Agreement freely, voluntarily, and knowingly.

_____
HOWARD M. COOPER, ESQ.
BENJAMIN WISH, ESQ.
Attorneys for Christopher Thompson

Date: 1/30/2017

## ACKNOWLEDGMENT OF GUARANTOR UNDER PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth the plea agreement between AQE, Inc. and the United States Attorney's Office for the District of Massachusetts; and (b) it accurately sets forth the obligations I have agreed to assume as a guarantor under this Plea Agreement. I understand the crimes to which AQE, Inc. has agreed to plead guilty, the minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the terms of this Plea Agreement as it applies to me as a guarantor and the charges against AQE, Inc., as well as the charges against me, possible defenses I may have, and whether I should go to trial. I am signing this Plea Agreement as a guarantor freely, voluntarily, and knowingly because I believe it is in my best interest.

KIMBERLY THOMPSON
Defendant

Date: 1/30/17

I certify that Kimberly Thompson has read this Plea Agreement and that we have discussed its meaning. I believe she understands the Plea Agreement and is agreeing to act as a guarantor under the Plea Agreement freely, voluntarily, and knowingly.

MICHAEL J. CONNOLLY, ESQ.
ADI K. GOLDSTEIN, ESQ.
Attorneys for Kimberly Thompson

Date: 1/31/17